UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KINO CHRISTIAN,

        Petitioner,

                                        Case No. 13-cv-11491

v.

                                        HON. MARK A. GOLDSMITH

BONITA HOFFNER,

        Respondent.

_____/

**OPINION & ORDER
(1) GRANTING PETITIONER'S MOTIONS TO RULE ON MOTION TO AMEND (Dkt. 36), FOR IMMEDIATE CONSIDERATION (Dkt. 39), TO AMEND THE MOTION FOR RELIEF FROM JUDGMENT (Dkt. 33), AND TO SUPPLEMENT AUTHORITY (Dkt. 38); (2) DENYING, IN PART, PETITIONER'S MOTION AND AMENDED MOTION FOR RELIEF FROM JUDGMENT (Dkts. 30, 33); (3) TRANSFERRING THE MOTION AND AMENDED MOTION FOR RELIEF FROM JUDGMENT, AND THE MOTION TO SUPPLEMENT AUTHORITY (Dkts. 30, 33, 38) TO THE SIXTH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A); AND (4) DENYING PETITIONER'S MOTION REQUESTING ORAL ARGUMENT, AN EVIDENTIARY HEARING, AND THE APPOINTMENT OF COUNSEL (Dkt. 37) WITHOUT PREJUDICE**

This matter is before the Court on a number of Petitioner Kino Christian's motions. On October 20, 2015, Petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (Dkt. 30). On October 27, 2015, this Court held this motion in abeyance pending a decision from the U.S. Supreme Court on Petitioner's request for a writ of certiorari. 10/27/2015 Order (Dkt. 32). The Supreme Court has since denied a petition for writ of certiorari. Christian v. Hoffner, 136 S. Ct. 1497 (2016).

Both Petitioner's motion for relief from judgment and his amended motion for relief from judgment (Dkt. 33) are now ripe for consideration. The Court grants Petitioner's motion to adjudicate these motions (Dkt. 36), as well as his related motion for immediate consideration

1

(Dkt. 39). The Court also grants petitioner's motion to amend his motion for relief from judgment (Dkt. 33) and the motion to supplement authority (Dkt. 38), because these motions add additional arguments in support of Petitioner's original motion for relief from judgment.

## I. PROCEDURAL BACKGROUND

On November 12, 2014, this Court denied Petitioner's petition for a writ of habeas corpus, denied Petitioner's motion for the appointment of counsel and for an evidentiary hearing, declined to issue a certificate of appealability, but granted Petitioner leave to appeal in forma pauperis. Christian v. Hoffner, No. 13-cv-11491, 2014 WL 5847600 (E.D. Mich. Nov. 12, 2014). The Sixth Circuit subsequently denied Petitioner a certificate of appealability, affirmed this Court's denial of the petition for writ of habeas corpus, and dismissed the appeal. Christian v. Hoffner, No. 14-2532 (6th Cir. May 6, 2015), reh'g denied, No. 14-2532 (6th Cir. July 13, 2015). On March 28, 2016, the U.S. Supreme Court denied Petitioner a writ of certiorari.

## II. STANDARD OF DECISION

A Rule 60(b) motion for relief from judgment that seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, to present newly discovered evidence not presented in the petition, or argue an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the

substantive provisions of the statutes, entitled to habeas relief." Id. at 532. A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n.4.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Id. at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4.

### III. ANALYSIS

Petitioner argues that the Court erred in ruling that his public trial claim was procedurally defaulted. To the extent that Petitioner claims that this Court erred in finding his claim to be procedurally defaulted, this would not amount to a successive challenge to his conviction, because it would amount to an attack on the defect in the habeas proceedings. See, e.g., Franklin v. Jenkins, 839 F.3d 465, 474 (6th Cir. 2016), cert. denied, 137 S. Ct. 2188 (2017). Petitioner's allegation that this Court erred in failing to conduct an evidentiary hearing likewise is not a second or successive petition, because it does not seek to advance a substantive claim. See Mitchell v. Rees, 261 F. App'x 825, 829 (6th Cir. 2008). Finally, Petitioner argues that this Court ignored some of his arguments. A Rule 60(b) motion alleging that a district court failed to adjudicate a petitioner's claim does not constitute a second or successive petition because it, too, merely challenges a defect in the proceedings. See Tyler v. Anderson, 749 F.3d 499, 508 (6th Cir. 2014).

A motion for relief from judgment that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other motion for relief from judgment that lacks merit. See Harris v. United State, 367 F.3d 74, 82 (2d Cir. 2004). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to re-litigate the merits of a claim and the allegations are unsubstantiated. See Miles v. Straub, 90 F. App'x 456, 458 (6th Cir. 2004). A movant under Rule 60(b) similarly fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. See Johnson v. Unknown Dellatifa, 357 F. 3d 539, 543 (6th Cir. 2004). A habeas petitioner may not raise arguments during his or her initial federal habeas proceeding, lose those arguments, then raise the same arguments based on the same evidence in a Rule 60(b) motion for relief from judgment. See Brooks v. Bobby, 660 F.3d 959, 962 (6th Cir. 2011).

In both of his Rule 60(b) motions, Petitioner argues that this Court erred in finding his public trial claim to be waived, procedurally defaulted, or unpreserved because, although Petitioner did not object to the closure of the courtroom during voir dire, he did raise the claim in a motion for a new trial. Petitioner argues that because he properly preserved this claim, this Court should not have honored the procedural default.

Petitioner ignores the fact that the Michigan Court of Appeals, in procedurally defaulting Petitioner's claim, found the public trial claim to be procedurally defaulted, even though Petitioner raised the claim in his motion for a new trial, because he did not preserve the issue by objecting at trial:

> Because neither defendant made a timely objection at trial on this ground, this issue is not preserved for appeal. To properly preserve an issue for appeal, a defendant must timely object, even if the right asserted is constitutional in nature. Although defendant

> Christian raised this issue in a motion for a new trial and again in a motion for reconsideration of the trial court's decision denying the new trial motion, he does not challenge the trial court's denial of those decisions. Accordingly, our review is limited to determining whether defendant Christian or defendant Hinton have established a plain error affecting substantial rights

People v. Christian, No. 291578, 2011 WL 4424347, at *2 (Mich. Ct. App. Sept. 22, 2011) (citation omitted).

Contrary to Petitioner's assertion, raising the closed courtroom claim in his motion for a new trial was insufficient to preserve the issue for appellate review under Michigan law, and, therefore, the claim was procedurally defaulted.

Petitioner then argues that this Court erred in procedurally defaulting the public trial claim because Respondent never raised a procedural default defense, thus waiving consideration of such a defense. Procedural default is an affirmative defense that must be raised by the state at the first possible opportunity, or it will be considered waived. Trest v. Cain, 522 U.S. 87, 89 (1997). Respondent, however, argued in the answer that Petitioner's public trial claim was both waived and procedurally defaulted because of Petitioner's failure to object to the closure of the courtroom. See Answer at 44-48, 51-53 (Dkt. 7). Thus, Petitioner's argument is without merit.

Petitioner further claims that this Court erred in failing to conduct an evidentiary hearing on his claim that counsel was ineffective for failing to object to the closure of the courtroom, either as an excuse his procedural default and/or as an independent ground for relief.

When a federal court decides whether to conduct an evidentiary hearing, it must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his or her claim or claims. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). If the record refutes the habeas petitioner's factual allegations, or otherwise precludes habeas relief, a district court is not

required to hold an evidentiary hearing. Id. Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his or her claims if those claims lack merit. See Stanford v. Parker, 266 F.3d 442, 459-460 (6th Cir. 2001). This Court determined, at great length, that Petitioner's ineffective assistance of counsel claim was without merit, either to excuse the procedural default of his public trial claim or as an independent ground for relief. Christian, 2014 WL 5847600, at *7-13. Because Petitioner's ineffective assistance of counsel claim was without merit, this Court did not err in failing to conduct an evidentiary hearing.

Petitioner finally contends that this Court failed to discuss the fact that Petitioner's public trial claim was a structural error and, thus, failed to consider that prejudice on the underlying ineffective assistance of counsel claim should be presumed. Petitioner's allegation is baseless. This Court discussed, and rejected, the idea that prejudice should be presumed on Petitioner's ineffective assistance of counsel claim because the underlying error involving the alleged closure of the courtroom was structural. See id. at *10-13. Because this Court did, in fact, adjudicate this claim, Petitioner is not entitled to relief from judgment.

Much of Petitioner's remaining arguments in his Rule 60(b) motions challenge this Court's previous resolution of the merits of his public trial and ineffective assistance of counsel claims. To the extent that Petitioner's two Rule 60(b) motions seek to advance claims that the Court previously considered and dismissed on substantive, constitutional grounds, the motions constitute a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). See Post v. Bradshaw, 422 F. 3d 419, 424-425 (6th Cir. 2005). Petitioner's Rule 60(b) motions do not merely attempt to rectify defects in the habeas corpus proceedings, but also reassert the substance of Petitioner's closed courtroom and ineffective assistance of counsel claims, amounting to an impermissible attack on the Court's previous resolution of the claims on the

6

merits. See Henderson v. Collins, 184 F. App'x. 518, 523 (6th Cir. 2006). Petitioner's Rule 60(b) motions are, at least in part, the equivalent of a second or successive habeas petition, because the motions seek to re-litigate claims that Petitioner previously raised in his prior habeas petition. See In re Bowling, 422 F.3d 434, 440 (6th Cir. 2005). To the extent that Petitioner has new evidence in support of these claims, Petitioner's presentation of new evidence in support of the previously denied claims constitutes a successive habeas petition, for purposes § 2244(b)(3)(A). Id. at 439-440 (district court properly construed habeas petitioner's Rule 60(b) motion, which sought to introduce new evidence in support of his previously adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition). Petitioner's current Rule 60(b) motions are, in part, a second or successive petition for a writ of habeas corpus, which requires Petitioner to obtain a certificate of authorization.

Accordingly, the Clerk of Court is ordered to transfer the motion for relief from judgment, the amended motion for relief from judgment, and the related motion to supplement authority to the U.S. Court of Appeals for the Sixth Circuit pursuant to In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) and 28 U.S.C. § 1631. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

Finally, Petitioner has filed a motion for oral argument, for an evidentiary hearing, and for the appointment of counsel (Dkt. 37). A district court loses jurisdiction over a state prisoner's habeas petition when it transfers it to court of appeals on the ground that it is a second or successive petition. Jackson v. Sloan, 800 F. 3d 260, 261 (6th Cir. 2015). Thus, this Court lacks jurisdiction pursuant to 28 U.S.C. §§ 1631, 2244(b)(3)(A) to consider Petitioner's remaining motion. Id. at 261-262.

### IV. CONCLUSION

For the reasons stated above, the Court grants Petitioner's motions to rule on the motion to amend (Dkt. 36) and for immediate consideration (Dkt. 39). The Court further grants Petitioner's motions to amend the motion for relief from judgment (Dkt. 33) and to file supplemental authority (Dkt. 38). The Court denies, in part, Petitioner's motion and amended motion for relief from judgment (Dkts. 30, 33). Petitioner's motion for oral argument, for an evidentiary hearing, and for the appointment of counsel (Dkt. 37) is denied without prejudice.

Pursuant to 28 U.S.C. § 1631, the Court orders the Clerk of the Court to transfer Petitioner's motion for relief from judgment, the amended motion for relief from judgment, and the motion to supplement authority (Dkts. 30, 33, 38) to the U.S. Court of Appeals for the Sixth Circuit for authorization to file a second or successive habeas petition, as required by 28 U.S.C. § 2244(b)(3)(A).

SO ORDERED.

Dated: July 28, 2017  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2017.

s/Karri Sandusky
Case Manager